IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERISSA SHIELDS-MASON, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS AND STATE |
| CITY OF CHICAGO and CHICAGO ) | SUPPLEMENTAL CLAIMS |
| POLICE OFFICER VERTIS HOLMES ) | |
| JR., Star No. 9237, ) | |
| ) | **JURY DEMANDED** |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff Merissa Shields-Mason (hereinafter "Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant City of Chicago Police Officer Veritas Holmes, Jr., Star No. 9237, ("Holmes") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or

1

representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

6. On or about October 19, 2013, Plaintiff was parked at or near 2250 South State Street, Chicago, Cook County, Illinois.

7. On that day and place Holmes, a City of Chicago police officer, issued Plaintiff a parking ticket for parking too close to a fire hydrant.

8. After Plaintiff received the ticket from Holmes, Holmes used unreasonable and unnecessary force against Plaintiff.

9. There was no legal cause for Holmes to use force against Plaintiff.

10. After using the unreasonable and unnecessary force against Plaintiff, Holmes wrote Plaintiff another ticket for allegedly "parking in a crosswalk."

11. By reason of the above-described acts and omissions of Defendant, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental, physical and emotional pain and suffering all to her damage in an amount to be ascertained.

12. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

13. By reason of the above-described acts and omissions of Defendant, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that she might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Holmes for
### EXCESSIVE FORCE

14. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirteen (13) hereat as though fully set forth at this place.

15. Immediately after handing the ticket to Plaintiff, Holmes used excessive force against Plaintiff's person.

16. There was no legal cause for Holmes to use force against Plaintiff.

17. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

18. The physical violence inflicted upon Plaintiff by Holmes was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Holmes is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against Holmes and the City of Chicago For
### The Supplemental Claim of
### BATTERY

19. Plaintiff hereby incorporates and realleges paragraphs one (1) through eighteen (18) hereat as though fully alleged at this place.

20. Holmes, without any legal cause, used force against Plaintiff's person.

21. The use of force by Holmes against Plaintiff's person constituted a battery to Plaintiff.

22. As a result of the battery, Plaintiff was injured physically, emotionally, and otherwise.

23. The City of Chicago is liable to Plaintiff for the acts of Holmes pursuant to the doctrine of *respondeat superior*.

24. Therefore, Holmes and the City of Chicago are liable under the supplemental state law claim of Battery.

WHEREFORE, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendant other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendant other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

                                                  BY:    s/ Jonathan D. Wassell
                                                              Jonathan D. Wassell
                                                              ED FOX & ASSOCIATES
                                                             Attorneys for Plaintiff
                                                             300 West Adams
                                                             Suite 330
                                                             Chicago, Illinois 60606
                                                             (312) 345-8877
                                                             jwassell@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                                BY:    s/ Jonathan D. Wassell
                                                              Jonathan D. Wassell
                                                              ED FOX & ASSOCIATES
                                                              Attorneys for Plaintiff
                                                              300 West Adams
                                                              Suite 330
                                                              Chicago, Illinois 60606
                                                              (312) 345-8877
                                                              jwassell@efox-law.com