# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MERISSA SHIELDS-MASON, | ) |
| | ) |
| Plaintiff, | ) Case No.: 13 cv 8642 |
| | ) |
| v. | ) JUDGE GRADY |
| | ) |
| CITY OF CHICAGO, CHICAGO | ) |
| POLICE OFFICERS VERTIS HOLMES | ) MAGISTRATE KIM |
| JR., Star No. 9237, and EUGENE | ) |
| GOLDSMITH | ) |
| | ) |
| Defendants. | |

## FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times herein mentioned, Plaintiff Merissa Shields-Mason (hereinafter "Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant City of Chicago Police Officer Veritis Holmes, Jr., Star No. 9237, ("Holmes") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or

1

representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant City of Chicago Police Officer Eugene Goldsmith, ("Goldsmith") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

7. On or about October 19, 2013, Plaintiff was parked at or near 2250 South State Street, Chicago, Cook County, Illinois.

8. On that day and place Defendants issued Plaintiff a parking ticket for parking too close to a fire hydrant.

9. After Plaintiff received the ticket from Defendants, Defendants used unreasonable and unnecessary force against Plaintiff.

10. There was no legal cause for Defendants to use force against Plaintiff.

11. After using this unreasonable and unnecessary force against Plaintiff, Defendants issued Plaintiff another ticket for allegedly "parking in a crosswalk."

12. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental, physical and emotional pain and suffering all to her damage in an amount to be ascertained.

13. The aforementioned acts of the Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

14. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that she might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Holmes and Goldsmith for
### EXCESSIVE FORCE

15. Plaintiff hereby incorporates and realleges paragraphs one (1) through fourteen (14) hereat as though fully set forth at this place.

16. Holmes and Goldsmith used excessive force against Plaintiff's person.

17. There was no legal cause for Defendants to use force against Plaintiff.

18. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

19. The physical violence inflicted upon Plaintiff by Defendants was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
## Plaintiff Against Holmes, Goldsmith and the City of Chicago For
## The Supplemental Claim of
## BATTERY

20. Plaintiff hereby incorporates and realleges paragraphs one (1) through ninteen (19) hereat as though fully alleged at this place.

21. Holmes and Goldsmith, without any legal cause, used force against Plaintiff's person.

22. The use of force by Holmes and Goldsmith against Plaintiff's person constituted a battery to Plaintiff.

23. As a result of the battery, Plaintiff was injured physically, emotionally, and otherwise.

24. The City of Chicago is liable to Plaintiff for the acts of Holmes and Goldsmith pursuant to the doctrine of *respondeat superior.*

25. Therefore, Holmes, Goldsmith and the City of Chicago are liable under the supplemental state law claim of Battery.

WHEREFORE, the Plaintiff, by and through her attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

        BY:    s/ Jonathan D. Wassell
                    Jonathan D. Wassell
                    ED FOX & ASSOCIATES
                    Attorneys for Plaintiff
                    300 West Adams
                    Suite 330
                    Chicago, Illinois 60606
                    (312) 345-8877
                    jwassell@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                                                                       BY:     s/ Jonathan D. Wassell
                                                                                                                     Jonathan D. Wassell
                                                                                                                     ED FOX & ASSOCIATES
                                                                                                                     Attorneys for Plaintiff
                                                                                                                     300 West Adams
                                                                                                                     Suite 330
                                                                                                                     Chicago, Illinois 60606
                                                                                                                     (312) 345-8877
                                                                                                                     jwassell@efox-law.com